UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTER FOR
BIOLOGICAL DIVERSITY, et al.,

      Plaintiff,

v.                                     CASE NO. 8:17-cv-618-T-23MAP

U.S. ARMY CORPS
OF ENGINEERS, et al.,

      Defendants.
_____/

## ORDER

Several organizations sue (Doc. 1) the Army Corps of Engineers, the

Department of the Interior, and the Fish and Wildlife Service and allege that the

Army Corps of Engineers's issuance to Mosaic Fertilizer of a Clean Water Act

permit violates the Clean Water Act, the National Environmental Policy Act, the

Endangered Species Act, and the Administrative Procedure Act.  Under the permit,

Mosaic may extract phosphate from several thousand acres in Hardee County but

must mitigate the environmental effect of the mining.  Mosaic moves (Doc. 13)

unopposed to intervene under Rule 24(a), Federal Rules of Civil Procedure.

## DISCUSSION

To intervene under Rule 24(a), a prospective intervenor must move timely to

intervene.  Also, the movant must claim an interest "relating to the property or

transaction that is the subject of the action."  Additionally, the movant must show

that the disposition of the action might "as a practical matter impair or impede the movant's ability to protect its interest." Finally, the movant must show that the parties inadequately represent the movant's interest. *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002) (quoting Rule 24(a)).

First, Mosaic moved timely to intervene. The plaintiffs sued on March 15, and Mosaic moved two days later to intervene.

Second, Mosaic's interest "relating" to the Clean Water Act permit warrants intervention. Mosaic's interest, that is, the permit, directly and immediately "relat[es]" to the plaintiff's claims, which undertake to invalidate the permit. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) (Easterbrook, J.) (granting a permit holder's motion to intervene in an action that sought invalidation of the permit and explaining that "[p]ersons whose legal interests are at stake are appropriate intervenors"). Invalidating the permit will delay or halt Mosaic's plan to mine phosphate on land that Mosaic owns. *See Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) ("Interests in property are the most elementary type of right that Rule 24(a) is designed to protect.") (citations omitted).

Third, the disposition of this action might — as a practical matter — impede Mosaic's ability to protect the permit. The "potential *stare decisis* effect" of an action supplies the "practical disadvantage which warrants intervention as of right." *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989). As Mosaic correctly observes, "[t]his litigation creates a risk of unfavorable precedent for Mosaic." (Doc. 13 at 20)

Mosaic regularly applies for permits, and a decision in the plaintiffs' favor might adversely affect Mosaic's interest in mining and processing phosphate to manufacture phosphatic fertilizers and associated products.

Fourth, the parties inadequately represent Mosaic's interest.  The plaintiffs, which allege that "[i]ndustrial phosphate[-]mining practices squander" Florida's "rich natural heritage" by "degrading and destroying huge swaths of life-giving watersheds" (Doc. 1 at 2), directly oppose Mosaic's interest.  And the governmental defendants' interest in resource management differs from Mosaic's interest in mining and manufacturing phosphatic products for agriculture and industry.  *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002) ("[A] federal defendant with a primary interest in the management of a resource [lacks] interests identical to those of an entity with economic interests in the use of that resource.") (citing *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) (Smith, J.) ("The government must represent the broad public interest, not just the economic concerns of the timber industry.")).

Also, Rule 24© requires a prospective intervenor to submit a "pleading that sets out the claim or defense for which intervention is sought."  Mosaic fails to submit a pleading.  But *Piambino v. Bailey*, 757 F.2d 1112, 1121–22 (11th Cir. 1985), holds that a prospective intervenor need not submit a pleading if the parties "kn[o]w the nature of" the prospective intervenor's claim or defense.  757 F.2d at 1121. Because Mosaic's motion adequately informs the parties about Mosaic's "position on

the subject matter litigation" (Doc. 13 at 5), Mosaic need not submit a pleading in conjunction with the motion to intervene.

## CONCLUSION

Mosaic moves timely to intervene, and intervention permits Mosaic to protect its economic interest, which the parties inadequately represent.  The unopposed motion (Doc. 13) to intervene under Rule 24(a) is **GRANTED**.  No later than **MAY 22, 2017**, Mosaic must respond to the complaint.

ORDERED in Tampa, Florida, on March 31, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE