# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### Tampa Division

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

      Plaintiffs,

v.

U.S. ARMY CORPS OF ENGINEERS, et al.,      Case No. 8:17-cv-00618-SDM

      Defendants,

MOSAIC FERTILIZER, LLC

      Defendant-Intervenor.

### ANSWER OF DEFENDANT-INTERVENOR MOSAIC FERTILIZER, LLC

Defendant-Intervenor Mosaic Fertilizer, LLC ("Mosaic"), by counsel, as and for its Answer and Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief filed on March 15, 2017, ECF No. 1, states as follows and, unless specifically answered otherwise, denies each and every allegation of the Complaint:

### I. INTRODUCTION

1.      Mosaic denies that the Clean Water Act (CWA) section 404 permit for the South Pasture Extension Mine is permit number SAJ-1993-01395—the correct number is SAJ-1993-01395 (SP-JPF).  Mosaic further denies that Mosaic intends to "strip mine" 7,513 acres at the South Pasture Extension Site.  While the entire site is 7,513 acres, the actual area that will be mined is smaller.  Mosaic further denies that any of the actions or decisions referenced in Paragraph 1 were in violation of the CWA, the Endangered Species Act (ESA),

the National Environmental Policy Act (NEPA), or the Administrative Procedure Act (APA). The remaining allegations in Paragraph 1 are characterizations of Plaintiffs' case and conclusions of law to which no response is required. To the extent a response may be required, Mosaic denies the allegations.

2. The allegations in Paragraph 2 contain general, non-scientific observations regarding the environment and therefore are too vague and ambiguous to permit a meaningful response, so Mosaic denies the allegations on that basis.

3. Mosaic denies the allegations in Paragraph 3.

4. Mosaic denies the allegations in Paragraph 4.

5. The allegations purport to characterize the CWA, NEPA, and ESA, which speak for themselves and are the best evidence of their content and legal import. Any allegation that is inconsistent with the CWA, NEPA, and the ESA is denied.

6. The allegations are characterizations of Plaintiffs' case and conclusions of law to which no response is required. To the extent a response may be required, Mosaic denies the allegations.

7. Mosaic denies the allegations in Paragraph 7.

8. Mosaic denies the allegations in Paragraph 8.

9. To the extent the permit referenced in Paragraph 9 is intended to be the CWA section 404 Permit for South Pasture Extension, Mosaic denies that the permit number is SAJ-2008-00615—the correct permit number is SAJ-1993-01395 (SP-JPF). The remaining allegations in Paragraph 9 are characterizations of Plaintiffs' case and conclusions of law to which no response is required. To the extent a response may be required, Mosaic denies the

allegations.

## II. PARTIES

10.    Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

11.    Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

12.    Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

13.    Mosaic denies the allegations in Paragraph 13.

14.    Mosaic denies the allegations in Paragraph 14.

15.    Mosaic denies the allegations in Paragraph 15.

16.    Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 16 and the allegations in the second sentence regarding ManaSota-88's corporate purpose, and on that basis denies the allegations.  Mosaic denies that water quality or wildlife habitat in Manatee and Sarasota Counties will be adversely affected by Mosaic's planned mining activity in Bone Valley.

17.    Mosaic denies the allegations in Paragraph 17.

18.    Mosaic denies the allegations in Paragraph 18.

19.    Mosaic denies the allegations in Paragraph 19.

20.    Mosaic denies the allegations in the first sentence of Paragraph 20.  Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence, and on that basis denies the allegations.  Mosaic denies

the allegations in the third sentence of Paragraph 20.

21.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

22.     Mosaic denies the allegations in Paragraph 22.

23.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

24.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

25.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

26.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

27.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 27, and on that basis denies the allegations.  Mosaic denies the allegations in the second sentence of Paragraph 27.

28.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

29.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

30.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

31.     Mosaic is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations, and on that basis denies the allegations.

32.     Mosaic denies the allegations in Paragraph 32.

33.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

34.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

35.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

36.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

37.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

38.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

39.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

40.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 40, and on that basis denies the allegations.  The allegations in the third sentence are too vague and ambiguous to permit a meaningful response, and Mosaic denies the allegations on that basis.

41.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 41, and on that basis

denies the allegations. Mosaic admits that a portion of the Myakka River in Sarasota County is a designated Wild and Scenic River, although Mosaic notes that it does not propose to conduct phosphate mining in Sarasota County. Except as specifically admitted, Mosaic denies the allegations in the second sentence of Paragraph 41. The allegations in the third sentence are too vague and ambiguous to permit a meaningful response, and Mosaic denies the allegations on that basis.

42. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

43. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the first clause of the first sentence of Paragraph 43, and on that basis denies the allegations. Mosaic denies the remainder of the allegations in Paragraph 43.

44. Mosaic denies the allegations in Paragraph 44.

45. Mosaic admits that the U.S. Army Corps of Engineers ("Corps") is a federal agency within the U.S. Department of the Army, a military branch of the U.S. Department of Defense. The remaining allegations are conclusions of law to which no response is required; to the extent a response may be required, the allegations are denied.

46. Mosaic admits that Lieutenant General Todd T. Semonite is the Commanding General and Chief of Engineers for the Corps, that Colonel Jason A. Kirk is the Commander and District Engineer for the Corps' Jacksonville District. The remaining allegations either purport to characterize certain statutory provisions, 5 U.S.C. § 702, 33 U.S.C. § 1365, and 16 U.S.C. § 1540(g), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. To the extent a

response may be required, the allegations are denied.

47.     Mosaic admits that the U.S. Department of Interior ("DOI") is a federal agency.  The remaining allegations are characterizations of Plaintiffs' case and conclusions of law to which no response is required; to the extent a response may be required, the allegations are denied.

48.     Mosaic admits that Ryan Zinke is the Secretary of Interior.  The remaining allegations are characterizations of Plaintiffs' case and conclusions of law to which no response is required, and to the extent a response may be required, the allegations are denied.

49.     Mosaic admits that the U.S. Fish and Wildlife Service ("FWS") is a federal agency within DOI.  The remaining allegations are characterizations of Plaintiffs' case and conclusions of law to which no response is required, and to the extent a response may be required, the allegations are denied.

50.     Mosaic admits that Jim Kurth is the Acting Director of FWS.  The remaining allegations are characterizations of Plaintiffs' case and conclusions of law to which no response is required, and to the extent a response may be required, the allegations are denied.

51.     The allegations purport to characterize certain statutory provisions, 5 U.S.C. § 702 and 16 U.S.C. § 1540(g), which speak for themselves and are the best evidence of their content and legal import.  Any allegation that is inconsistent with the provisions is denied.

52.     The allegations in the first sentence of Paragraph 52 are conclusions of law to which no response is required, and to the extent a response may be required, the allegations are denied.  The remaining allegations are characterizations of Plaintiffs' case and conclusions of law to which no response is required, and to the extent a response may be

required, the allegations are denied.

### III. JURISDICTION AND VENUE

53. The allegations are conclusions of law to which no response is required, and to the extent a response may be required, the allegations are denied.

54. The allegations in the first sentence of Paragraph 54 are conclusions of law regarding jurisdiction to which no response is required, and to the extent a response may be required, the allegations are denied. The allegations in the second sentence of Paragraph 54 state conclusions of law regarding the relief requested to which no response is required; to the extent a response may be required, the allegations are denied.

55. The allegations are conclusions of law regarding jurisdiction to which no response is required, and to the extent a response may be required, the allegations are denied.

56. The allegations in Paragraph 56 are conclusions of law to which no response is required, and to the extent a response may be required, the allegations are denied.

57. The allegations in the first sentence of Paragraph 57 constitute conclusions of law to which no response is required. Mosaic admits only that proposed mining operations at the South Pasture Extension mine would occur exclusively in Hardee County. Except as specifically admitted, Mosaic denies the allegations of Paragraph 57.

58. The allegations purport to characterize certain statutory provisions, 5 U.S.C. § 702 and 16 U.S.C. § 1540(g), which speak for themselves and are the best evidence of their contents and legal import. Any allegation that is inconsistent with the provisions is denied.

## IV.  STATUTORY AND REGULATORY FRAMEWORKS

### A.    CLEAN WATER ACT

59.    The allegations purport to characterize certain provisions of the CWA, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the CWA is denied.

60.    The allegations purport to characterize certain provisions of the CWA, which speaks for itself and is the best evidence of its content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the CWA is denied.

61.    The allegations purport to characterize certain provisions of the regulations codified at 33 C.F.R. Parts 320-330 and 40 C.F.R. §§ 230.1-230.98, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the regulations is denied.

62.    The allegations purport to characterize certain provisions of the regulations codified at 33 C.F.R. Part 325 and § 404 of the CWA, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the regulations and CWA is denied.

63.    Mosaic denies the allegations in Paragraph 63.

64.    The allegations purport to characterize certain provisions of regulations

codified at 33 C.F.R. § 320.4(b)(1), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

65. The allegations purport to characterize certain provisions of regulations codified at 33 C.F.R. § 320.4(b)(2), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

66. The allegations purport to characterize certain provisions of regulations codified at 33 C.F.R. § 320.4(b)(4), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

67. The allegations purport to characterize certain provisions of regulations codified at 33 C.F.R. § 320.4(a), which speak for themselves and are the best evidence of their contents, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

68. The allegations purport to characterize certain provisions of regulations codified at 33 C.F.R. § 320.4(c), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

69. The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. Part 230 and 33 C.F.R. § 320.4, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no

response is required.  Any allegation that is inconsistent with the regulations is denied.

70.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 230.1(c), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

71.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 230.10, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the regulations is denied.

72.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 230.10, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the regulations is denied.

**B.     NATIONAL ENVIRONMENTAL POLICY ACT**

73.     The allegations purport to characterize certain provisions of NEPA, 42 U.S.C. § 4321, and regulations codified at 40 C.F.R. § 1500.1, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with NEPA or the regulations is denied.

74.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1500.1, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any

allegation that is inconsistent with the regulation is denied.

75. The allegations purport to characterize certain provisions of NEPA, 42 U.S.C. § 4342, and regulations codified at 40 C.F.R. §§ 1500, *et seq.* and 33 C.F.R. Part 325, App. B, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA or the regulations is denied.

76. The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1508.18(a), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

77. The allegations purport to characterize certain provisions of NEPA and regulations codified at 40 C.F.R. § 1508.28, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA or the regulations is denied.

78. The allegations purport to characterize certain provisions of NEPA and regulations codified at 40 C.F.R. § 1501.4, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA or the regulations is denied.

79. The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. §§ 1501.4, 1508.9(a)(1), 1508.13 and 33 C.F.R. Part 325, App. B § 7, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with

the regulations is denied.

80.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. §§ 1508.14 and 1508.27, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the regulations is denied.

81.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1508.27(b)(4) and (5), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the regulations is denied.

82.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1508.27(b), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

83.     The allegations purport to characterize certain provisions of NEPA, 42 U.S.C. § 4332(C)(i)-(v), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with NEPA is denied.

84.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. §§ 1502.13 and 1508.9(b), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the regulations is denied.

85.     The allegations purport to characterize certain provisions of NEPA, 42 U.S.C.

§§ 4332(E) and 4331(b), and regulations codified at 40 C.F.R. §§ 1502.2(d) and 1502.14(a) and (c), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA or the regulations is denied.

86. The allegations purport to characterize certain provisions of the CWA, 33 U.S.C. § 1251(a), and regulations codified at 40 C.F.R. § 1508.14, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the CWA or the regulations is denied.

87. The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1502.16(b), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

88. The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1508.8(b), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

89. The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1508.8, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

90. The allegations purport to characterize certain provisions of regulations

codified at 33 C.F.R. Part 325, App. B § 7(b)(1), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

91.     The allegations purport to characterize certain provisions of regulations codified at 33 C.F.R. Part 325, App. B § 7(b)(2), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

92.     The allegations purport to characterize certain provisions of regulations codified at 33 C.F.R. Part 325, App. B § 7(b)(2)(ii), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

93.     The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. §§ 1508.7, 1508.25(a) and (c), and 1708.7, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

94.     The allegations purport to characterize certain provisions of the Issuance of Nationwide Permits, 67 Fed. Reg. 2020, 2094 (Jan. 15, 2002), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the Issuance of Nationwide Permits is denied.

95.     The allegations purport to characterize certain provisions of regulations codified at 33 C.F.R. § 330.2(i), which speak for themselves and are the best evidence of

their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

96.    The allegations purport to characterize certain provisions of NEPA and regulations codified at 40 C.F.R. § 1508.8(b), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA or the regulations is denied.

97.    The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1505.2 and 33 C.F.R. Part 325, App. B § 18, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

98.    The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1506.1(a), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

99.    The allegations purport to characterize certain provisions of regulations codified at 33 C.F.R. Part 325, App. B § 11 and 33 C.F.R. § 327.4(b) and (c), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

100.    The allegations purport to characterize NEPA and *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983) and *Robertson v. Methow*

*Valley Citizens Council*, 490 U.S. 332, 352 (1989), which speak for themselves and are the best evidence of their content or legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with NEPA or the Supreme Court's decisions is denied.

101.    The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. §§ 1502.14(f) and 1502.16(h), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

102.    The allegations purport to characterize certain provisions of regulations codified at 40 C.F.R. § 1502.9(c)(1)-(2), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

103.    The allegations purport to characterize certain provisions of NEPA, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with NEPA is denied.

C.    **ENDANGERED SPECIES ACT**

104.    The allegations purport to characterize *Tenn. Valley Auth. v. Hill*, 437 U.S. 153 (1978) and certain provisions of the ESA, 16 U.S.C. §§ 1531(b) and 1531(c)(1), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the ESA or the Supreme Court's decision is denied.

105.    Mosaic admits that the Departments of the Interior and Commerce have

delegated their obligations under the ESA to FWS and the National Marine Fisheries Service, respectively.

106.    The allegations purport to characterize legislative history of the ESA, certain provisions of the ESA, 16 U.S.C. §§ 1538(a)(1), 1532(19), and regulations codified at 50 C.F.R. §§ 17.21, 17.31, and 17.3, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the ESA or the regulations is denied.

107.    The allegations purport to characterize certain provisions of the ESA, 16 U.S.C. § 1533(f)(1), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the ESA is denied.

108.    The allegations purport to characterize certain provisions of the ESA, 16 U.S.C. §§ 1536(a)(2), and regulations codified at 50 C.F.R. Part 402, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the ESA or the regulations is denied.

109.    The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. §§ 402.13(a) and 402.14(a), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

110.    The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. §§ 402.14(c)(1)-(6) and (d), which speak for themselves and are the

best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

111. The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

112. The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

113. The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

114. The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

115. The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

116.     The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the regulations is denied.

117.     The allegations purport to characterize certain provisions of the ESA, 16 U.S.C. § 1536(a)(2), and regulations codified at 50 C.F.R. § 402.14(g)(1)-(4), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the ESA or the regulations is denied.

118.     The allegations purport to characterize certain provisions of the ESA, 16 U.S.C. § 1536(d), and regulations codified at 50 C.F.R. § 402.09, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the ESA or the regulations is denied.

119.     The allegations purport to characterize certain provisions of the ESA, 16 U.S.C. § 1536(b)(3)(A), and regulations codified at 50 C.F.R. § 402.14(h)(1)-(3), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the ESA or the regulations is denied.

120.     The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.14(i), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.

Any allegation that is inconsistent with the regulations is denied.

121.    The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.14(i), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

122.    The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.15, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

123.    The allegations purport to characterize certain provisions of the regulations codified at 50 C.F.R. § 402.16(a)-(d), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the regulations is denied.

124.    The allegations purport to characterize certain provisions of the ESA, 16 U.S.C. § 1536(b)(4) and (o)(2), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the ESA is denied.

125.    The allegations purport to characterize certain provisions of the ESA, 16 U.S.C. §§ 1536(a)(1), 1532(3), and regulations codified at 50 C.F.R. § 402.15(a), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the ESA or the regulations is denied.

126.     The allegations purport to characterize certain provisions of the ESA, 16 U.S.C. § 1539, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the ESA is denied.

D.      **ADMINISTRATIVE PROCEDURE ACT**

127.     The allegations purport to characterize certain provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the APA is denied.

128.     The allegations purport to characterize certain provisions of the APA, 5 U.S.C. § 706, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the APA is denied.

129.     The allegations purport to characterize certain provisions of the APA, 5 U.S.C. § 706, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the APA is denied.

130.     The allegations purport to characterize certain provisions of the APA, 5 U.S.C. § 704, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required.  Any allegation that is inconsistent with the APA is denied.

131.     The allegations purport to characterize certain provisions of the APA, 5

U.S.C. § 704, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the APA is denied.

132. The allegations purport to characterize certain provisions of the APA, 5 U.S.C. § 706(1), which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the APA is denied.

133. The allegations purport to characterize certain provisions of the APA, 5 U.S.C. § 704, which speak for themselves and are the best evidence of their content and legal import, or are conclusions of law to which no response is required. Any allegation that is inconsistent with the APA is denied.

## V. FACTUAL AND PROCEDURAL BACKGROUND

134. Mosaic denies that the permit number issued by the Corps for the South Pasture Extension Mine is SAJ-1993-01395—the correct number is SAJ-1993-01395 (SP-JPF). Mosaic admits that proposed mining operations at the South Pasture Extension mine would occur in Hardee County. Mosaic denies that the Corps or the Service failed in any way to meet its legal obligations with respect to the issuance of permit number SAJ-1993-01395 (SP-JPF), and denies all remaining allegations in Paragraph 134.

### A. PHOSPHATE MINING IN FLORIDA

135. Mosaic admits that it mines phosphate ore in Florida and that the phosphate rock is usually found 15-50 feet beneath the ground in a mixture of phosphate pebbles, sand and clay. Except as specifically admitted, Mosaic denies the remaining allegations in

Paragraph 135.

136. Mosaic admits only that it uses dragline technology to excavate phosphate at some of its mines. Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 136.

137. Mosaic admits that, following excavation, the phosphate "matrix," composed of the phosphate, sand, and clay, is transferred through pipelines to a processing facility, referred to as a beneficiation plant, where the phosphate rock is separated from the sand and clay in the matrix. Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 137.

138. Mosaic admits that the sand is returned by pipeline to the mine area for use in land reclamation. Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 138.

139. The allegations in Paragraph 139 purport to characterize legal obligations with respect to preservation, mitigation, and reclamation, so no response is required. To the extent any response is required, Mosaic denies the allegations in Paragraph 139.

140. Mosaic admits that the clay particles are pumped through pipelines into storage ponds, referred to as "clay settling areas" where these particles sink to the bottom. Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 140.

141. Mosaic admits that phosphate ore is transported offsite and used to manufacture phosphoric acid, used in the manufacture of fertilizers and animal feed supplements and that phosphogypsum is a byproduct of this process. Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 141.

142.     Mosaic admits that its phosphate mining operations occur in the Central Florida Phosphate District.  Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 142.

143.     Mosaic admits to reaching a settlement agreement with EPA on September 30, 2015 to resolve claims about how the company managed certain onsite waste materials at its fertilizer manufacturing facilities in Florida and Louisiana.  Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 143.

144.     Mosaic admits to a water loss incident contained on site at the New Wales facility in August, 2016.  Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 144.

145.     Mosaic admits that the New Wales, Riverview, and Bartow fertilizer manufacturing facilities are located in the Central Florida Phosphate District and produce phosphate fertilizers.  Mosaic denies that the New Wales, Riverview, and Bartow fertilizer manufacturing facilities are the exclusive destinations for phosphate ore produced by the South Pasture Extension Mine, or that the destinations for all phosphate ore produced by the South Pasture Mine are within the Central Florida Phosphate District.  Mosaic also denies that phosphogypsum will be generated by the South Pasture Extension Mine.  Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 145.

146.     Mosaic admits that the phosphogypsum stacks have generally been built on unused or mined-out land.  Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 146.

## B. THE AREAWIDE ENVIRONMENTAL IMPACT STATEMENT

*Project Description*

147.    Mosaic admits that it plans to mine various parcels within the Central Florida Phosphate District over the next several decades.  Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 147.

148.    Mosaic admits the allegations contained in the first sentence of Paragraph 148. The allegations in the second sentence of Paragraph 148 purport to characterize certain provisions of the Draft Areawide Environmental Impact Statement for Phosphate Mining Affecting Waters of the United States in the Central Florida Phosphate District ("AEIS"), which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Draft AEIS is denied.  Mosaic admits that the Corps hosted two public meetings on the Draft AEIS in June 2012.  Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 148.

149.    Mosaic admits that the area characterized as the Central Florida Phosphate District includes portions of the Hillsborough, Withlacoochee, Alafia, Little Manatee, Manatee, Myakka, and Peace River watersheds, but specifically denies that phosphate mining has historically occurred or is occurring in all of those watersheds and states that the proposed and reasonably foreseeable actions contemplated in the AEIS occur in only the Peace River and Myakka Watersheds.  Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 149.

150.    Mosaic admits that the Corps issued a Clean Water Act Section 404 Permit for the South Pasture Extension Mine to authorize a 7,513-acre expansion of the South Pasture

Mine in Hardee County, in the Peace River watershed, and that it has filed applications seeking governmental authorizations for the proposed DeSoto Mine, Ona Mine, and Wingate East Mine. Mosaic admits that a portion of the Myakka River located wholly within Sarasota County has been designated a Wild and Scenic River and admits the maps on pages 39-40 were taken from the final AEIS. Mosaic denies the remaining allegations of Paragraph 150.

151.    Mosaic admits the allegations contained in Paragraph 151.

152.    Mosaic admits the allegations contained in Paragraph 152.

153.    The allegations in Paragraph 153 purport to characterize certain provisions of the Draft and Final AEIS, which speak for themselves and are the best evidence of their content and legal import. Any allegation that is inconsistent with the Draft or Final AEIS is denied.

*Phosphogypsum*

154.    Mosaic admits that there are phosphogypsum stacks in the Central Florida Phosphate District. Mosaic denies the remaining allegations in Paragraph 154.

155.    The allegations in the second clause of the single sentence of Paragraph 155 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 155, and on that basis denies the allegations.

156.    Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156, and on that basis denies the allegations.

157.     Mosaic admits the allegations contained in Paragraph 157.

158.     The allegations in the first sentence of Paragraph 158 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.  Mosaic denies the allegations in the second sentence of Paragraph 158.

159.     The allegations in Paragraph 159 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

160.     The allegations in Paragraph 160 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

161.     The allegations in Paragraph 161 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

***Project Purpose & Alternatives Analysis***

162.     The allegations in Paragraph 162 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

163.     The allegations in Paragraph 163 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

164.     The allegations in Paragraph 164 purport to characterize certain provisions of

the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

165.    The allegations in Paragraph 165 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

166.    The allegations in Paragraph 166 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

167.    The allegations in Paragraph 167 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

168.    The allegations in Paragraph 168 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

169.    The allegations in Paragraph 169 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

*Environmental Impacts*

170.    The allegations in Paragraph 170 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the Final AEIS is denied.

171.    The allegations in Paragraph 171 purport to characterize certain provisions of

the Final AEIS, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Final AEIS is denied.

172. The allegations in Paragraph 172 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Final AEIS is denied.

173. The allegations in Paragraph 173 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the Final AEIS is denied.

174. Mosaic denies the allegations in Paragraph 174.

C. THE SOUTH PASTURE EXTENSION MINE ENVIRONMENTAL ASSESSMENT

175. Mosaic admits that the South Pasture Extension Mine is located in the Peace River watershed. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations, and on that basis denies the allegations.

176. Mosaic admits that the Corps issued a Clean Water Act Section 404 Permit number SAJ-1993-01395 (SP-JPF) for the South Pasture Extension Mine to expand the existing South Pasture Mine southward to encompass an additional 7,513 acres in Hardee County, some of which will be mined and some of which will be avoided and/or preserved, and authorizing a 20-year construction window. Mosaic also admits the map on page 47 was taken from the final AEIS, and that upon completion of mining operations all mined lands will be reclaimed in accordance with the 404 Permit and State of Florida and local government approvals for the South Pasture Extension Mine.

177. Mosaic admits that the uplands on the project site include forests, pastureland,

and rangeland, and that the jurisdictional areas on the site include forested wetlands, herbaceous wetlands, intermittent streams, and surface waters such as cattle ponds. Mosaic also admits that the South Pasture Extension Mine site is bordered on the north by the currently operating South Pasture Mine, and on the west and south by the proposed Ona Mine site, which Mosaic proposes to begin mining during the life of the South Pasture Extension mine. Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 177.

178.    Mosaic admits that the Corps issued a public notice for the South Pasture Extension Mine application on June 1, 2012, on the same day that it published a notice of availability for the Draft AEIS. Mosaic also admits that, in the 2012 South Pasture Extension public notice, the Corps stated that eastern indigo snake, wood stork, and Audubon's crested caracara had been confirmed onsite. Except as specifically admitted, Mosaic denies the remaining allegations in Paragraph 178.

179.    Mosaic denies the allegations in Paragraph 179.

180.    Mosaic denies the allegations in Paragraph 180.

181.    Mosaic denies the allegations in Paragraph 181.

182.    The allegations in Paragraph 182 purport to characterize certain provisions of the Supplemental EA and the 404 permit number SAJ-1993-01395 (SP-JPF), which speak for themselves and are the best evidence of their content and legal import. Any allegation that is inconsistent with the Supplemental EA or the permit is denied.

183.    The allegations in Paragraph 183 purport to characterize certain provisions of the Final AEIS, which speaks for itself and is the best evidence of its contents. Any

allegation that is inconsistent with the Final AEIS is denied.

###### D. THE RECORD OF DECISION AND STATEMENT OF FINDINGS FOR THE SOUTH PASTURE EXTENSION MINE

184. Mosaic admits the allegations contained in Paragraph 184.

185. The allegations in Paragraph 185 purport to characterize certain provisions of the Record of Decision ("ROD"), which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

186. The allegations in Paragraph 186 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

187. The allegations in Paragraph 187 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

188. The allegations in Paragraph 188 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

189. The allegations in Paragraph 189 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

190. The allegations in Paragraph 190 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

191. The allegations in Paragraph 191 purport to characterize certain provisions of

the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

192.     The allegations in Paragraph 192 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

193.     The allegations in Paragraph 193 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

194.     The allegations in Paragraph 194 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

195.     The allegations in Paragraph 195 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

196.     The allegations in Paragraph 196 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

197.     The allegations in Paragraph 197 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

198.     The allegations in Paragraph 198 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import.

Any allegation that is inconsistent with the ROD is denied.

199.    The allegations in Paragraph 199 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

200.    The allegations in Paragraph 200 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

201.    The allegations in Paragraph 201 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

202.    The allegations in Paragraph 202 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

203.    The allegations in Paragraph 203 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

204.    The allegations in Paragraph 204 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

205.    The allegations in Paragraph 205 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

206.     The allegations in Paragraph 206 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

207.     The allegations in Paragraph 207 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

208.     The allegations in Paragraph 208 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

209.     The allegations in Paragraph 209 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

210.     The allegations in Paragraph 210 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

211.     The allegations in Paragraph 211 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

212.     The allegations in Paragraph 212 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

213.     The allegations in Paragraph 213 purport to characterize certain provisions of

the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

214.     The allegations in Paragraph 214 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

215.     The allegations in Paragraph 215 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

216.     The allegations in Paragraph 216 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

217.     The allegations in Paragraph 217 purport to characterize certain provisions of the ROD, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the ROD is denied.

218.     Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

219.     Mosaic denies the allegations in Paragraph 219.

**E.     THE BIOLOGICAL OPINION**

220.     Mosaic denies the allegations in Paragraph 220.

221.     The allegations in Paragraph 221 purport to characterize correspondence between the Corps and FWS, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the correspondence is denied.

222.     The allegations in Paragraph 222 purport to characterize correspondence between the Corps and FWS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the correspondence is denied.

223.     The allegations in Paragraph 223 purport to characterize correspondence between the Corps and FWS, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the correspondence is denied.

224.     The allegations in Paragraph 224 purport to characterize certain provisions of the 2014 Biological Opinion (BO), which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the BO is denied.

225.     The allegations in Paragraph 225 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the BO is denied.

226.     The allegations in Paragraph 226 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the BO is denied.

227.     Mosaic denies the allegations in Paragraph 227.

228.     Mosaic denies the allegations in Paragraph 228.

229.     Mosaic denies the allegations in Paragraph 229.

230.     Mosaic denies the allegations in Paragraph 230.

231.     Mosaic denies the allegations in Paragraph 231.

232.     The allegations in Paragraph 232 purport to characterize certain provisions of a study cited in the BO, which speaks for itself and is the best evidence of its content and

legal import.  Any allegation that is inconsistent with the study is denied.

233.    The allegations in Paragraph 233 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the BO is denied.

234.    The allegations in Paragraph 234 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content or legal import.  Any allegation that is inconsistent with the BO is denied.

235.    The allegations in Paragraph 235 purport to characterize certain provisions of the Biological Assessment ("BA") and BO, which speak for themselves and are the best evidence of their content and legal import.  Any allegation that is inconsistent with the BA or BO is denied.

236.    The allegations in Paragraph 236 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the BO is denied.

237.    The allegations in Paragraph 237 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the BO is denied.

238.    The allegations in Paragraph 238 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import.  Any allegation that is inconsistent with the BO is denied.

239.    The allegations in Paragraph 239 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import.  Any

allegation that is inconsistent with the BO is denied.

240. The allegations in Paragraph 240 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the BO is denied.

241. The allegations in Paragraph 241 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the BO is denied.

242. The allegations in Paragraph 242 purport to characterize certain provisions of the BO, which speaks for itself and is the best evidence of its content and legal import. Any allegation that is inconsistent with the BO is denied.

### Eastern Indigo Snake

243. Mosaic admits the allegations in Paragraph 243.

244. Mosaic admits the allegations in Paragraph 244.

245. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

246. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

247. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

248. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

249. Mosaic is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations, and on that basis denies the allegations.

250. The allegations in Paragraph 250 purport to characterize certain provisions of a 2016 indigo snake study, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the study is denied.

**Wood Stork**

251. Mosaic admits the allegations in Paragraph 251.

252. Mosaic admits the allegations in Paragraph 252.

253. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

254. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

255. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

256. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

257. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

**Audubon's Crested Caracara**

258. Mosaic admits the allegations in Paragraph 258.

259. Mosaic admits the allegations in Paragraph 259.

260. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

261. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

262. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

263. Mosaic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Corps' Violations of the Clean Water Act and the Administrative Procedure Act)**

264. Mosaic incorporates by reference its answers to Paragraphs 1 through 263 as set forth above.

265. Paragraph 265 purports to describe the Plaintiffs' claims, therefore no response is required. To the extent a response is required, Mosaic denies the allegations in Paragraph 265.

266. The allegations are conclusions of law to which no response is required. To the extent Paragraph 266 is deemed to contain allegations of fact, Mosaic denies those allegations.

      a.     Mosaic denies the allegations in Paragraph 266(a).

      b.     Mosaic denies the allegations in Paragraph 266(b).

      c.     Mosaic denies the allegations in Paragraph 266(c).

      d.     Mosaic denies the allegations in Paragraph 266(d).

      e.     Mosaic denies the allegations in Paragraph 266(e).

      f.     Mosaic denies the allegations in Paragraph 266(f).

g.  Mosaic denies the allegations in Paragraph 266(g).

267.  The allegations are conclusions of law to which no response is required.  To the extent Paragraph 267 is deemed to contain allegations of fact, Mosaic denies those allegations.

a.  Mosaic denies the allegations in Paragraph 267(a).

b.  Mosaic denies the allegations in Paragraph 267(b).

c.  Mosaic denies the allegations in Paragraph 267(c).

d.  Mosaic denies the allegations in Paragraph 267(d).

e.  Mosaic denies the allegations in Paragraph 267(e).

f.  Mosaic denies the allegations in Paragraph 267(f).

g.  Mosaic denies the allegations in Paragraph 267(g).

h.  Mosaic denies the allegations in Paragraph 267(h).

268.  The allegations are conclusions of law to which no response is required.  To the extent Paragraph 268 is deemed to contain allegations of fact, Mosaic denies those allegations.

a.  Mosaic denies the allegations in Paragraph 268(a).

b.  Mosaic denies the allegations in Paragraph 268(b).

c.  Mosaic denies the allegations in Paragraph 268(c).

d.  Mosaic denies the allegations in Paragraph 268(d).

e.  Mosaic denies the allegations in Paragraph 268(e).

f.  Mosaic denies the allegations in Paragraph 268(f).

g.  Mosaic denies the allegations in Paragraph 268(g).

> h.　Mosaic denies the allegations in Paragraph 268(h).

269.　The allegations are conclusions of law to which no response is required.　To the extent Paragraph 269 is deemed to contain allegations of fact, Mosaic denies those allegations.

270.　Mosaic denies the allegations in Paragraph 270.

## SECOND CLAIM FOR RELIEF

**(Corps' Violations of the National Environmental Policy Act**
**and the Administrative Procedure Act)**

271.　Mosaic incorporates by reference its answers to Paragraphs 1 through 270 as set forth above.

272.　The allegations are conclusions of law to which no response is required.　To the extent Paragraph 272 is deemed to contain allegations of fact, Mosaic denies those allegations.

273.　The allegations are conclusions of law to which no response is required.　To the extent Paragraph 273 is deemed to contain allegations of fact, Mosaic denies those allegations.

274.　Mosaic denies the allegations in Paragraph 274.

> a.　Mosaic denies the allegations in Paragraph 274(a).
>
> b.　Mosaic denies the allegations in Paragraph 274(b).
>
> c.　Mosaic denies the allegations in Paragraph 274(c).
>
> d.　Mosaic denies the allegations in Paragraph 274(d).
>
> e.　Mosaic denies the allegations in Paragraph 274(e).
>
> f.　Mosaic denies the allegations in Paragraph 274(f).

g.       Mosaic denies the allegations in Paragraph 274(g).

i.       Mosaic denies the allegations in Paragraph 274(i).[1]

j.       Mosaic denies the allegations in Paragraph 274(j).

275.     Mosaic denies the allegations in Paragraph 275.

276.     Mosaic denies the allegations in Paragraph 276.

277.     The allegations are conclusions of law to which no response is required. To the extent Paragraph 277 is deemed to contain allegations of fact, Mosaic denies those allegations.

### THIRD CLAIM FOR RELIEF

**(The Service's Violations of the Endangered Species Act**
**and the Administrative Procedure Act)**

278.     Mosaic incorporates by reference its answers to Paragraphs 1 through 277 as set forth above.

279.     The allegations are conclusions of law to which no response is required.

280.     Mosaic denies the allegations in Paragraph 280.

281.     The allegations are conclusions of law to which no response is required.

a.       Mosaic denies the allegations in Paragraph 281(a).

b.       Mosaic denies the allegations in Paragraph 281(b).

c.       Mosaic denies the allegations in Paragraph 281(c).

d.       Mosaic denies the allegations in Paragraph 281(d).

e.       Mosaic denies the allegations in Paragraph 281(e).

f.       Mosaic denies the allegations in Paragraph 281(f).

---

[1] The numbering of paragraphs in this section of Plaintiffs' complaint skips the letter "h."

282.     Mosaic denies the allegations in Paragraph 282.

283.     Mosaic denies the allegations in Paragraph 283.

284.     Mosaic denies the allegations in Paragraph 284.

285.     Mosaic denies the allegations in Paragraph 285.

286.     Mosaic denies the allegations in Paragraph 286.

287.     The allegations are conclusions of law to which no response is required.  To the extent Paragraph 287 is deemed to contain allegations of fact, Mosaic denies those allegations.

## FOURTH CLAIM FOR RELIEF

**(The Service's Violation of the Endangered Species Act by determining not likely to adversely affect and concurrence)[2]**

288.     Mosaic incorporates by reference its answers to Paragraphs 1 through 287 as set forth above.

289.     The allegations are conclusions of law to which no response is required.  To the extent Paragraph 289 is deemed to contain allegations of fact, Mosaic denies those allegations.

## FIFTH CLAIM FOR RELIEF

**(The Corps' Violation of the Endangered Species Act)**

290.     Mosaic incorporates by reference its answers to Paragraphs 1 through 289 as set forth above.

291.     The allegations are conclusions of law to which no response is required.  To the extent Paragraph 291 is deemed to contain allegations of fact, Mosaic denies those allegations.

---

[2] The language in the parenthetical is exactly as it appears in the Plaintiffs' complaint.

292. The allegations are conclusions of law to which no response is required. To the extent Paragraph 292 is deemed to contain allegations of fact, Mosaic denies those allegations.

293. The allegations are conclusions of law to which no response is required. To the extent Paragraph 293 is deemed to contain allegations of fact, Mosaic denies those allegations.

294. The allegations are conclusions of law to which no response is required. To the extent Paragraph 294 is deemed to contain allegations of fact, Mosaic denies those allegations.

295. The allegations are conclusions of law to which no response is required. To the extent Paragraph 295 is deemed to contain allegations of fact, Mosaic denies those allegations.

296. The allegations are conclusions of law to which no response is required. To the extent Paragraph 296 is deemed to contain allegations of fact, Mosaic denies those allegations.

## VII.  PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response may be required, Mosaic denies that Plaintiffs are entitled to the relief requested, or to any relief.

## <u>GENERAL DENIAL</u>

Mosaic denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## DEFENSES

1.      Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver to the extent Plaintiffs' claims rest on contentions that were not raised with the agencies during the administrative process.

4.      Any defenses pleaded by other defendants and not specifically pleaded by Mosaic are incorporated herein to the extent they do not conflict with the defenses expressly stated above.

5.      Mosaic hereby gives notice that it intends to rely on any other defense that may become available or appear during the proceedings of this case.

## RESERVATION OF RIGHTS

Mosaic respectfully reserves the right to amend this Answer to assert any additional affirmative defenses that it deems necessary to its defense of the Complaint during or upon conclusion of its investigation and discovery of Plaintiffs' claims.

DATE:  May 22, 2017

Respectfully submitted,

 /s/ Jamie Zysk Isani
Jamie Zysk Isani (Fla. Bar No. 728861)
jisani@hunton.com
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500

*Trial Counsel for Movant-Intervenor Mosaic Fertilizer, LLC*

George P. Sibley, III (Va. Bar No. 48773)
gsibley@hunton.com
Jonathan L. Caulder (Va. Bar No. 89062)
jcaulder@hunton.com
HUNTON & WILLIAMS LLP
951 E. Byrd St.
Richmond, VA 23221
Telephone: 804-788-8200

Deidre G. Duncan (D.C. Bar No. 461548)
dduncan@hunton.com
Andrew J. Turner (D.C. Bar No. 471179)
aturner@hunton.com
Kerry L. McGrath (D.C. Bar No. 997277)
kmcgrath@hunton.com
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 955-1500

*Counsel for Movant-Intervenor Mosaic Fertilizer, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of May, 2017, I electronically filed the foregoing Mosaic Fertilizer, LLC's Answer with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

 /s/ Jamie Zysk Isani
Jamie Zysk Isani