IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

—————————————————————

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; MANASOTA-88, INC; PEOPLE FOR PROTECTING PEACE RIVER; and SUNCOAST WATERKEEPER, | ) ) ) ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civ. No. 8:17-cv-00618-SDM-MAP |
| | ) | |
| U.S. ARMY CORPS OF ENGINEERS; LT. GEN. TODD T. SEMONITE, in his official capacity as Commanding General and Chief of Engineers of the U.S. Army Corps of Engineers; COL. JASON A. KIRK, in his official capacity as District Commander of the U.S. Army Corps of Engineers; U.S. DEPARTMENT OF THE INTERIOR; RYAN ZINKE, in his official capacity as Secretary of the U.S. Department of the Interior; U.S. FISH AND WILDLIFE SERVICE; and JIM KURTH, in his official capacity as Acting Director of U.S. Fish and Wildlife Service, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| *Federal Defendants,* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MOSAIC FERTILIZER, LLC, | ) | |
| | ) | |
| *Intervenor.* | ) | |

—————————————————————

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

Defendants U.S. Army Corps of Engineers ("Corps"), Lt. Gen. Todd T. Semonite, in his

official capacity as Commanding General and Chief of Engineers of the U.S. Army Corps of

Engineers; Col. Jason A. Kirk, in his official capacity as District Commander of the U.S. Army Corps of Engineers; U.S. Department of the Interior, Ryan Zinke, in his official capacity as Secretary of the U.S. Department of the Interior, U.S. Fish and Wildlife Service, and Jim Kurth, in his official capacity as Acting Director of U.S. Fish and Wildlife Service (collectively, the "Federal Defendants") hereby respond to the correspondingly numbered paragraphs of the Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint") filed by Plaintiffs Center for Biological Diversity, Manasota-88, Inc., People for Protecting Peace River, and Suncoast Waterkeeper (collectively, "Plaintiffs") on June 2, 2017 (ECF No. 52), as follows:

1.     With respect to the allegations in the first sentence of Paragraph 1, Federal Defendants admit that the Corps issued a Clean Water Act Section 404 Department of Army Permit, Number SAJ-1993-01395, which authorizes the discharge of dredged or fill material into 1,218.5 acres of waters of the United States within a 20-year construction window for the approximately 7,513-acre South Pasture Extension phosphate mine. Federal Defendants also admit that the project is located in the Peace River watershed, within the 1.32 million-acre Central Florida Phosphate District, an area that some historical documents refer to as "Bone Valley." The remaining allegations are Plaintiffs' characterization of their case and legal conclusions to which no response is required. The allegations in the first sentence of Paragraph 1 also purport to characterize the Corps' National Environmental Policy Act ("NEPA") analysis, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the analysis' plain language, meaning, or context. To the extent a response is required, Federal Defendants deny the remaining allegations in the first sentence of Paragraph 1. The allegations in the second sentence of Paragraph 1 are legal conclusions to

which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 1.

2.      With respect to the allegations in Paragraph 2, Federal Defendants admit that Florida's ecological resources include rural locales, grassy prairies and wetlands, and diverse wildlife. Federal Defendants further admit that panthers, wood storks, Eastern indigo snakes, are among the wildlife known to occur in certain areas of Florida. The remaining allegations in Paragraph 2 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis deny them.

3.      The allegations in Paragraph 3 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis deny them.

4.      The allegations in Paragraph 4 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny them.  The allegations in Paragraph 4 also are Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 purport to characterize federal statutes, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statutes' plain language, meaning, or context.

6.      The allegations in Paragraph 6 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 9. Federal Defendants deny that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

## II. PARTIES

10.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny them.

11.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny them.

12.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny them.

13.     Federal Defendants deny the allegations in Paragraph 13.

14.     Federal Defendants deny the allegations in Paragraph 14.

15.     Federal Defendants deny the allegations in Paragraph 15.

16.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny them.

17.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny them.

18.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny them.

19.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis deny them.

20.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis deny them.

21.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis deny them.

22.     Federal Defendants deny the allegations in Paragraph 22.

23.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny them.

24.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny them.

25.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny them.

26.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

27.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny them.

28.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny them.

29.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny them.

30.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis deny them.

31.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis deny them.

32.     Federal Defendants deny the allegations in Paragraph 32.

33.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis deny them.

34.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis deny them.

35.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis deny them.

36.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis deny them.

37.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis deny them.

38.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis deny them.

39.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis deny them.

40.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis deny them.

41.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 41, and on that basis deny them. In response to the allegations in the second sentence of Paragraph 41, Federal Defendants admit that the State of Florida has designated as a Florida wild and scenic river that portion of the Myakka River located between State Road 780 in Sarasota County and the Sarasota-Charlotte County line. In response to the third sentence of Paragraph 41, Federal Defendants admit that the Manatee River and Peace River supply public drinking water. The remaining allegations in the second and third sentences of Paragraph 41 are Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants deny the remaining allegations in the second and third sentences of Paragraph 41.

42.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis deny them.

43.     Federal Defendants deny the allegations in Paragraph 43.

44.     Federal Defendants deny the allegations in Paragraph 44.

45.     Federal Defendants admit the first sentence of Paragraph 45. The allegations in the second sentence of Paragraph 45 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

46.     In response to the allegations in Paragraph 46, Federal Defendants admit that Lieutenant General Todd T. Semonite is Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers, and that Colonel Jason A. Kirk is the Commander and District Engineer of the U.S. Army Corps of Engineers, Jacksonville District. The remaining allegations

in Paragraph 46 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the remaining allegations in Paragraph 46.

47.     Federal Defendants admit the allegations in Paragraph 47.

48.     Federal Defendants admit the allegations in the first sentence of Paragraph 48. The allegations in the second and third sentences of Paragraph 48 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

49.     In response to the allegations in Paragraph 49, Federal Defendants admit that the Service is a federal agency within the Department of the Interior charged with implementing and ensuring compliance with the Endangered Species Act ("ESA") for non-marine species. The remaining allegations in Paragraph 49 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the remaining allegations in Paragraph 49.

50.     Federal Defendants admit the allegations in the first sentence of Paragraph 50. The allegations in the second and third sentences of Paragraph 50 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

51.     The allegations in Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

52.     In response to the allegations in Paragraph 52, Federal Defendants admit that the Corps and Service are agencies of the federal government. The remaining allegations in Paragraph 52 are Plaintiffs' characterization of their case and legal conclusions to which no

response is required. To the extent a response is required, Federal Defendants deny the remaining allegations in Paragraph 52.

### III. JURISDICTION AND VENUE

53.     The allegations in Paragraph 53 are Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 55.

56.     In response to the allegations in Paragraph 56, Federal Defendants admit that they received Plaintiffs' letter dated December 20, 2016 with the reference line: "Sixty-Day Notice of Endangered Species Act Violations Concerning Threatened and Endangered Species in the Central Florida Phosphate District and South Pasture Phosphate Mine Extension Project Area." The remaining allegations in Paragraph 56 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 56.

57.     In response to the allegations in the first sentence of Paragraph 57, Federal Defendants admit that venue is proper in this judicial district and that the Federal Defendants are agencies of the United States. The remaining allegations in the first sentence of Paragraph 57 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the

extent a response is required, Federal Defendants deny the remaining allegations in the first sentence of Paragraph 57. Due to vagueness and ambiguity Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 57, and on that basis deny them.

58.     The allegations in Paragraph 58 are Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 58.

## IV. STATUTORY AND REGULATORY FRAMEWORKS

## A. CLEAN WATER ACT

59.     The allegations in Paragraph 59 purport to characterize and quote federal statutes, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statutes' plain language, meaning, or context.

60.     The allegations in Paragraph 60 purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

61.     The allegations in Paragraph 61 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

62.     The allegations in the first sentence of Paragraph 62 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context. The allegations in the second sentence of Paragraph 62 purport to characterize a federal statute and federal regulations, which speak for themselves and are the best

evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statute and federal regulations' plain language, meaning, or context.

63.     The allegations in Paragraph 63 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

65.     The allegations in Paragraph 65 purport to characterize and quote portions of a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

66.     The allegations in Paragraph 66 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

67.     The allegations in Paragraph 67 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

68.     The allegations in Paragraph 68 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants

deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

69.     The allegations in Paragraph 69 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

70.     The allegations in Paragraph 70 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

71.     The allegations in Paragraph 71 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

72.     The allegations in Paragraph 72 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

## B. NATIONAL ENVIRONMENTAL POLICY ACT

73.     The allegations in Paragraph 73 purport to characterize and quote a federal statute and a federal regulation, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statute and federal regulation's plain language, meaning, or context.

74.     The allegations in Paragraph 74 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

75.     The allegations in Paragraph 75 purport to characterize and quote a federal statute and federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statute and federal regulations' plain language, meaning, or context.

76.     The allegations in the first sentence of Paragraph 76 are Plaintiffs' legal conclusions to which no response is required. The allegations in the second sentence of Paragraph 76 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

77.     The allegations in Paragraph 77 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 77. The allegations in Paragraph 77 also purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

78.     The allegations in Paragraph 78 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. The allegations in Paragraph 78 also purport to characterize federal regulations, which speak for themselves and are the best evidence of their

contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

79.     The allegations in Paragraph 79 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

80.     The allegations in Paragraph 80 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

81.     The allegations in Paragraph 81 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

82.     The allegations in Paragraph 82 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

83.     The allegations in Paragraph 83 purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

84.     The allegations in Paragraph 84 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

85.     The allegations in Paragraph 85 purport to characterize and quote federal statutes and regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statutes and regulations' plain language, meaning, or context.

86.     The allegations in Paragraph 86 are Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 86. The allegations in Paragraph 86 also purport to characterize federal statutes and regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statutes and regulations' plain language, meaning, or context.

87.     The allegations in Paragraph 87 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

88.     The allegations in Paragraph 88 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

89.     The allegations in Paragraph 89 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

90.     The allegations in Paragraph 90 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

91.     The allegations in Paragraph 91 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

92.     The allegations in Paragraph 92 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

93.     The allegations in Paragraph 93 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

94.     The allegations in Paragraph 94 purport to characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Federal Register notice's plain language, meaning, or context.

95.     The allegations in Paragraph 95 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants

deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

96.     The allegations in Paragraph 96 are Plaintiffs' legal conclusions to which no response is required. The allegations in the second and third sentences of Paragraph 96 also purport to characterize an unspecified "body of law under NEPA" and a federal regulation, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the unspecified body of law and federal regulation's plain language, meaning, or context.

97.     The allegations in Paragraph 97 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

98.     The allegations in Paragraph 98 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 98 also purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

99.     The allegations in Paragraph 99 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

100.     The allegations in Paragraph 100 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 100 also purport to characterize and quote

federal case law, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the cases' plain language, meaning, or context.

101.    The allegations in Paragraph 101 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

102.    The allegations in Paragraph 102 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

103.    The allegations in Paragraph 103 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 103 also purport to characterize a federal statute and regulations, which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statute and regulations' plain language, meaning, or context

**C. ENDANGERED SPECIES ACT**

104.    The allegations in Paragraph 104 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 104 also purport to characterize and quote a court decision and federal statute, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the court decision and federal statute's plain language, meaning, or context.

105.    The allegations in Paragraph 105 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 105 also purport to characterize a federal

regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

106.   The allegations in Paragraph 106 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 106 also purport to characterize and quote federal statutes, federal regulations, and a Senate Report, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statutes, federal regulations, and Senate Report's plain language, meaning, or context.

107.   The allegations in Paragraph 107 purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

108.   The allegations in Paragraph 108 purport to characterize and quote a federal statute and federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statute and federal regulations' plain language, meaning, or context.

109.   The allegations in Paragraph 109 purport to characterize and quote federal regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulations' plain language, meaning, or context.

110.   The allegations in Paragraph 110 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

111.    The allegations in Paragraph 111 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

112.    The allegations in Paragraph 112 purport to quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

113.    The allegations in Paragraph 113 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

114.    The allegations in Paragraph 114 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

115.    The allegations in Paragraph 115 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

116.    The allegations in Paragraph 116 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

117.    The allegations in Paragraph 117 purport to characterize and quote a federal regulation and federal statute, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal regulation and federal statute's plain language, meaning, or context.

118.    The allegations in the first sentence of Paragraph 118 are Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of Paragraph 118. The allegations in the second sentence of Paragraph 118 purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 118 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute and federal regulation's plain language, meaning, or context.

119.    The allegations in Paragraph 119 purport to characterize and quote a federal statute and a federal regulation, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the federal statute and federal regulation's plain language, meaning, or context.

120.    The allegations in Paragraph 120 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

121.    The allegations in Paragraph 121 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants

deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

122.     The allegations in the first sentence of Paragraph 122 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context. The allegations in the second sentence of Paragraph 122 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 122.

123.     The allegations in Paragraph 123 purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

124.     The allegations in Paragraph 124 purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

125.     The allegations in the first and second sentences of Paragraph 125 purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context. The allegations in the third sentence of Paragraph 125 are Plaintiffs' legal conclusions to which no response is required. The allegations in the third sentence of Paragraph 125 also purport to characterize and quote a federal regulation, which

speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal regulation's plain language, meaning, or context.

126.    The allegations in Paragraph 126 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 126 also purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

## D. ADMINISTRATIVE PROCEDURE ACT

127.    The allegations in Paragraph 127 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 127 also purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

128.    The allegations in Paragraph 128 purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

129.    The allegations in Paragraph 129 purport to quote a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

130.    The allegations in Paragraph 130 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 130 also purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

131.     The allegations in Paragraph 131 are Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 131.

132.     The allegations in Paragraph 132 are Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 132. Federal Defendants aver that the Corps issued a Record of Decision for the South Pasture Extension Department of Army permit that is supported, in part, by the Final Areawide Environmental Impact Statement.

133.     The allegations in Paragraph 133 are Plaintiffs' legal conclusions to which no response is required. The allegations in Paragraph 133 also purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the federal statute's plain language, meaning, or context.

## V. FACTUAL AND PROCEDURAL BACKGROUND

134.     The allegations in the first sentence of Paragraph 134 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 134, and on that basis deny them. The allegations in the second and third sentences purport to characterize uncited statutes which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of those uncited statutes. The remaining allegations in the first, second, third, and fourth sentences of Paragraph 134 are Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the remaining allegations in the first, second, third, and fourth sentences of Paragraph 134.

## A. PHOSPHATE MINING IN FLORIDA

135.     The allegations in Paragraph 135 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis deny them. Federal Defendants aver that for phosphate mining operations in the Central Florida Phosphate District, prior to clearing each mining unit, the permittee typically conducts pre-clearing biological surveys and other ecological management and monitoring actions required by permits, installs erosion and sediment controls, installs monitoring wells and piezometers, and installs necessary infrastructure including the ditch and berm system that protects adjacent areas.

136.     In response to the first sentence of Paragraph 136, Federal Defendants admit that a dragline is a very large excavator used by phosphate mining operations to conduct earthwork movement to support the mining operations, and deny all remaining allegations. In response to the second sentence of Paragraph 136, Federal Defendants admit that it is possible for certain draglines to mine approximately 15 acres in one month, and deny all remaining allegations. The allegations in the third and fourth sentences of Paragraph 136 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 136, and on that basis deny them.

137.     Federal Defendants admit that the allegations in Paragraph 137 generally describe part of the matrix excavation and conveyance practices in the Central Florida Phosphate District, and deny any remaining allegations.

138.    Federal Defendants admit the allegations in Paragraph 138 generally describe a part of the matrix excavation and conveyance practices in the Central Florida Phosphate District, and deny any remaining allegations.

139.    The allegations in Paragraph 139 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and on that basis deny them.

140.    Federal Defendants admit the allegations in the first sentence of Paragraph 140 insofar as they generally describe the phosphate mine clay settling areas in the Central Florida Phosphate District, and deny any remaining allegations. The allegations in the second and third sentences of Paragraph 140 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and on that basis deny them. Federal Defendants further deny the allegations in the second and third sentences of Paragraph 140 to the extent they relate to current practices in the Central Florida Phosphate District.

141.    In response to the allegations in the first sentence of Paragraph 141, Federal Defendants admit that some phosphate ore may be transported offsite to a fertilizer plant and converted to phosphoric acid, that one process for the conversion is to react phosphate rock with sulfuric acid to produce the phosphoric acid, and that phosphoric acid may be used in synthetic fertilizer, and deny all remaining allegations. In response to the allegations in the second sentence of Paragraph 141, Federal Defendants admit that a byproduct of the conversion of phosphate ore to phosphoric acid is phosphogypsum, which is radioactive, and deny all remaining allegations. The allegations in the third and fourth sentences of Paragraph 141 also purport to characterize unspecified EPA requirements, which speak for themselves and are the

best evidence of their contents. Federal Defendants deny any allegation inconsistent with the unspecified EPA requirements' plain language, meaning, or context. Federal Defendants admit the fifth sentence of Paragraph 141. The allegations in the sixth sentence of Paragraph 141 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 141, and on that basis deny them.

142.    Federal Defendants deny the allegations in Paragraph 142.

143.    The allegations in the first sentence of Paragraph 143 are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny them. The allegations in the first sentence of Paragraph 143 are also legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of Paragraph 143. The allegations in the second sentence of Paragraph 143 purports to characterize a settlement agreement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the settlement agreement's plain language, meaning, or context.

144.    The allegations in Paragraph 144 purports to characterize an unattributed news report, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the news report's plain language, meaning, or context.

145.    In response to the allegations in Paragraph 145, Federal Defendants admit that the permittee's facilities in central Florida include, but are not limited to, the Bartow, New Wales, and Riverview facilities. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145, and on that basis deny

them. Federal Defendants aver that the permitted project does not require that the phosphate rock generated through beneficiation be transported out of the area to any particular fertilizer plant.

146.     Federal Defendants admit the allegations in Paragraph 146.

## B. THE AREAWIDE ENVIRONMENTAL IMPACT STATEMENT

### *Project Description*

147.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and on that basis deny them.

148.     In response to the allegations in Paragraph 148, Federal Defendants admit that the Corps published a "Notice of Intent To Prepare a Draft Areawide Environmental Impact Statement for Phosphate Mining Affecting Waters of the United States in the Central Florida Phosphate District (CFPD)" on February 18, 2011, and later published a Draft Areawide Environmental Impact Statement. The remaining allegations in the first and second sentences of Paragraph 148 purport to characterize a Notice of Intent and Draft Areawide Environmental Impact Statement, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Notice of Intent and Draft Areawide Environmental Impact Statement's plain language, meaning, or context. In response to the third sentence of Paragraph 148, the Corps admits that after publication of the Draft Areawide Environmental Impact Statement, the Corps held two public meetings in June 2012, and deny the remaining allegations.

149.     Federal Defendants admit the allegations in Paragraph 149.

150.     Federal Defendants admit the first, second, third, and fourth sentences of Paragraph 150. Federal Defendants deny the fifth sentence of Paragraph 150. Federal Defendants aver that the State of Florida has designated as a Florida wild and scenic river that portion of the

Myakka River located between State Road 780 in Sarasota County and the Sarasota-Charlotte County line.

151.    The allegations in Paragraph 151 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context

152.    Federal Defendants admit the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 purport to characterize the Draft Areawide Environmental Impact Statement and Final Areawide Environmental Impact Statement, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Draft Areawide Environmental Impact Statement and Final Areawide Environmental Impact Statement's plain language, meaning, or context.

### *Phosphogypsum*

154.    In response to allegations in Paragraph 154, Federal Defendants admit that there are phosphogypsum stacks located in the Central Florida Phosphate District. The remaining allegations are vague and ambiguous, such that Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny them.

155.    Federal Defendants admit that the Corps determined the four proposed phosphate mines have independent utility from the existing fertilizer plants in the Central Florida Phosphate District, and deny the remaining allegations in Paragraph 155.

156.    Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and on that basis deny them.

157.    The allegations in Paragraph 157 purport to characterize the Corps' analysis in the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

158.    The allegations in the first sentence of Paragraph 158 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context. Federal Defendants deny the allegations in the second sentence of Paragraph 158.

159.    The allegations in Paragraph 159 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

160.    The allegations in Paragraph 160 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

161.    Federal Defendants deny the allegations in Paragraph 161.

***Project Purpose & Alternatives Analysis***

162.    The allegations in Paragraph 162 purport to characterize and quote the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

163.     The allegations in Paragraph 163 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

164.     The allegations in Paragraph 164 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

165.     The allegations in Paragraph 165 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

166.     The allegations in Paragraph 166 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

167.     The allegations in Paragraph 167 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

168.     The allegations in Paragraph 168 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental

Impact Statement's plain language, meaning, or context.

169.    The allegations in Paragraph 169 purport to characterize the Final Areawide

Environmental Impact Statement, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental

Impact Statement's plain language, meaning, or context.

***Environmental Impacts***

170.    The allegations in Paragraph 170 purport to characterize the Final Areawide

Environmental Impact Statement, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental

Impact Statement's plain language, meaning, or context.

171.    The allegations in Paragraph 171 purport to characterize the Final Areawide

Environmental Impact Statement, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental

Impact Statement's plain language, meaning, or context.

172.    In response to the allegations of the first sentence of Paragraph 172, Federal

Defendants admit that the gopher tortoise (Gopherus polyphemus), which is both a state-listed

species and a candidate for listing under the ESA, has been observed in the study area during

past surveys.  Federal Defendants also admit that the bald eagle, which is protected under the

Federal Bald and Golden Eagle Protection Act, has also been observed in the study area during

past surveys. In response to the allegations of the second sentence of Paragraph 172, Federal

Defendants admit that other state-listed species that have been observed in the Central Florida

Phosphate District during past surveys include the southeastern American kestrel (*Falco*

*sparverius paulus*), Florida sandhill crane (*Grus canadensis pratensis*), gopher frog (*Rana capito*), burrowing owl (*Athene cunicularia*), little blue heron (*Egretta caerulea*), snowy egret (*Egretta thula*), tricolored heron (*Egretta tricolor*), white ibis (*Eudocimus albus*), Florida mouse (*Podomys floridanus*), and Sherman's fox squirrel (*Sciurus niger shermani*). Federal Defendants deny the remaining allegations in Paragraph 172.

173.    The allegations in Paragraph 173 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Areawide Environmental Impact Statement's plain language, meaning, or context.

174.    The allegations in Paragraph 174 are Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 174.

## C. THE SOUTH PASTURE EXTENSION MINE ENVIRONMENTAL ASSESSMENT

175.    Federal Defendants admit the first sentence of Paragraph 175. The allegations in the second sentence of Paragraph 175 purport to characterize the State of Florida's unspecified designation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the unspecified designation's plain language, meaning, or context. The allegations in the third sentence of Paragraph 175 purport to characterize an unspecified EPA document, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the unspecified EPA document's plain language, meaning, or context.

176.    In response to the allegations in the first sentence of Paragraph 176, Federal Defendants admit that the Department of Army Permit provides a 20-year construction window

for the approximately 7,513-acre South Pasture Extension phosphate mine, which is located south of the existing South Pasture mine, and that the permittee will hydraulically transport the matrix to the existing South Pasture mine beneficiation plant, and deny all remaining allegations. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 176, and on that basis deny them.

177.     Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 177. Federal Defendants admit the allegations in the second and third sentences of Paragraph 177.

178.     In response to the allegations in Paragraph 178, Federal Defendants admit that the Corps issued a Public Notice for the South Pasture Extension application on June 1, 2012, and that the Environmental Protection Agency issued Notice of Availability for the Draft Areawide Environmental Impact Statement on June 1, 2012. The remaining allegations in the first and second sentences of Paragraph 178 purport to characterize a Public Notice and Notice of Availability, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Public Notice and Notice of Availability's plain language, meaning, or context. Federal Defendants deny the allegations in the third sentence of Paragraph 178.

179.     The allegations in Paragraph 179 are Plaintiffs' characterization of their case to which no response is required. The allegations in the first sentence of Paragraph 179 purport to quote the Draft Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Draft Areawide Environmental Impact Statement's plain language, meaning, or context. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 179.

180.    The allegations in Paragraph 180 purport to quote the Draft Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Draft Areawide Environmental Impact Statement's plain language, meaning, or context. Federal Defendants deny any allegation inconsistent with the document's plain language, meaning, or context.

181.    The allegations in Paragraph 181 purport to quote an unspecified document, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the document's plain language, meaning, or context.

182.    In response to the allegations in the first sentence of Paragraph 182, Federal Defendants admit that the Corps released a Supplemental Environmental Assessment, Draft Clean Water Act Section 404(b)(1) Guidelines Analysis, and Draft Public Interest Review for Department of the Army (DA) Permit Application SAJ-1993-01395 ("Supplemental EA") on June 16, 2016. The remaining allegations in the first sentence of Paragraph 182 purport to characterize the Corps' Supplemental EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Supplemental EA's plain language, meaning, or context. In response to the allegations in the second and third sentences of Paragraph 182, Federal Defendants admit that the Corps issued Department of Army Permit Number SAJ-1993-01395 (SP-JPF) ("Permit") on November 15, 2016. The remaining allegations in the second and third sentences of Paragraph 182 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Permit's plain language, meaning, or context.

183.    The allegations in Paragraph 183 purport to characterize the Draft Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with the Draft Areawide Environmental Impact Statement's plain language, meaning, or context.  Federal Defendants deny the allegations in Paragraph 183.

**D. THE RECORD OF DECISION AND STATEMENT OF FINDINGS FOR THE SOUTH PASTURE EXTENSION MINE**

184.    In response to the allegations in Paragraph 184, Federal Defendants admit that the Corps issued a Record of Decision and Statement of Findings for Department of the Army (DA) Permit Application SAJ-1993-01395 (the "ROD"), and deny the remaining allegations.  Federal Defendants aver that the ROD was issued November 10, 2016, and was supported not only by the Supplemental EA, but also the Final Areawide Environmental Impact Statement and the Addendum dated July 2013.

185.    The allegations in Paragraph 185 purport to characterize and quote the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

186.    The allegations in Paragraph 186 purport to characterize and quote the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

187.    The allegations in Paragraph 187 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

188.    The allegations in Paragraph 188 purport to characterize and quote the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

189.    The allegations in Paragraph 189 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

190.    The allegations in Paragraph 190 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

191.    The allegations in Paragraph 191 contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 191. The allegations in Paragraph 191 also purport to characterize and quote the ROD and a federal regulation, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the ROD and federal regulation's plain language, meaning, or context.

192.    The allegations in Paragraph 192 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

193.    The allegations in Paragraph 193 purport to characterize and quote the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

194.    The allegations in Paragraph 194 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

195.     The allegations in Paragraph 195 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

196.     The allegations in Paragraph 196 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

197.     The allegations in Paragraph 197 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

198.     The allegations in Paragraph 198 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

199.     The allegations in Paragraph 199 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

200.     The allegations in Paragraph 200 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

201.     The allegations in Paragraph 201 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

202.     The allegations in Paragraph 202 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

203.     The allegations in Paragraph 203 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

204.     The allegations in Paragraph 204 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

205.     The allegations in Paragraph 205 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

206.     The allegations in Paragraph 206 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with Final Areawide Environmental Impact Statement's plain language, meaning, or context.

207.     The allegations in Paragraph 207 are legal conclusions to which no response is necessary. The allegations in Paragraph 207 also purport to characterize the public interest review in the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the public interest review's plain language, meaning, or context.

208.     The allegations in the first sentence of Paragraph 208 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny

any allegation inconsistent with the ROD's plain language, meaning, or context. The allegations in the second sentence of Paragraph 208 purport to characterize the Final Areawide Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with Final Areawide Environmental Impact Statement's plain language, meaning, or context.

209.    The allegations in Paragraph 209 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

210.    The allegations in Paragraph 210 characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

211.    The allegations in Paragraph 211 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context. Federal Defendants deny the allegations in the second sentence of Paragraph 211.

212.    The allegations in Paragraph 212 characterize and quote the public interest review in the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the public interest review's plain language, meaning, or context.

213.    The allegations in Paragraph 213 purport to characterize and quote the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

214.    The allegations in Paragraph 214 are Plaintiffs' characterization of their case and legal conclusions to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 214. The allegations in Paragraph 214 also purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

215.    The allegations in Paragraph 215 purport to characterize and quote the ROD, including the attached compensatory mitigation plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD's plain language, meaning, or context.

216.    The allegations in the first sentence of Paragraph 216 purport to characterize the compensatory mitigation plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with compensatory mitigation plan's plain language, meaning, or context. The allegations in the second sentence of Paragraph 216 are Plaintiffs' characterization of their case and legal conclusions to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 216. The allegations in the second sentence of Paragraph 216 also purport to characterize the compensatory mitigation plan, the ROD, and a federal regulation, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the compensatory mitigation plan, the ROD, and the federal regulation's plain language, meaning, or context.

217.    The allegations in the first sentence of Paragraph 217 purport to characterize the compensatory mitigation plan, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with compensatory mitigation plan's plain language, meaning, or context. The allegations in the second sentence of Paragraph 217 are Plaintiffs' characterization of their case and legal conclusions to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 217. The allegations in the second sentence of Paragraph 217 also purport to characterize the compensatory mitigation plan, the ROD, and a federal regulation, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the compensatory mitigation plan, the ROD, and the federal regulation's plain language, meaning, or context.

218.    Federal Defendants admit the allegations in Paragraph 218.

219.    Federal Defendants admit the allegations in the first sentence of Paragraph 219. Federal Defendants deny the allegations in the second sentence of Paragraph 219.

**E. THE BIOLOGICAL OPINION**

220.    The allegations in Paragraph 220 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

221.    Federal Defendants admit the allegations in Paragraph 221.

222.    Federal Defendants admit the allegations in Paragraph 222.

223.    Federal Defendants admit the allegations in Paragraph 223.

224.     In response to the allegations in the first sentence of Paragraph 224, Federal Defendants admit that the Service transmitted a letter to the Corps on June 9, 2014. The remaining allegations in the first sentence, and all of the allegations in the second sentence, purport to characterize that letter, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with the letter's plain language, meaning, or context.

225. The allegations in Paragraph 225 purport to characterize and quote a letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter's plain language, meaning, or context.

226. The allegations in Paragraph 226 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

227. The allegations in Paragraph 227 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

228. The allegations in Paragraph 228 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

229. The allegations in Paragraph 229 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

230. The allegations in Paragraph 230 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

231. The allegations in Paragraph 231 purport to characterize and quote the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal

Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

232.    The allegations in Paragraph 232 purport to characterize a study cited in the biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the study's plain language, meaning, or context.

233.    The allegations in Paragraph 233 purport to characterize and quote the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

234.    The allegations in Paragraph 234 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

235.    The allegations in Paragraph 235 purport to characterize the 2014 biological opinion, including an incidental take statement, and a biological assessment, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the 2014 biological opinion, incidental take statement, and biological assessment's plain language, meaning, or context.

236.    The allegations in Paragraph 236 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

237.    The allegations in Paragraph 237 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

238.    The allegations in Paragraph 238 purport to characterize and quote the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the biological opinion's plain language, meaning, or context.

239.    The allegations in Paragraph 239 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with biological opinion's plain language, meaning, or context.

240.    The allegations in Paragraph 240 purport to characterize and quote the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with biological opinion's plain language, meaning, or context.

241.    The allegations in Paragraph 241 purport to characterize and quote the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with biological opinion's plain language, meaning, or context.

242.    The allegations in Paragraph 242 purport to characterize and quote the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with biological opinion's plain language, meaning, or context.

### *Eastern indigo snake*

243.     Federal Defendants admit the allegations in Paragraph 243.

244.     The allegations in Paragraph 244, purport to characterize a Service rule related to the eastern indigo snake, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, meaning, or context.

245.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 245. In response to the allegations in the third sentence, Federal Defendants admit that there are reports of virgin or isolated female eastern indigo snakes laying eggs. Federal Defendants deny the remaining allegations in the third sentence of Paragraph 245.

246.     In response to the allegations in Paragraph 246, Federal Defendants admit the home range of male eastern indigo snakes is up to 805 acres, and that the eastern indigo snake is vulnerable to habitat loss, degradation, and fragmentation. Federal Defendants deny the remaining allegations in Paragraph 246.

247.     Federal Defendants admit the allegations in Paragraph 247.

248.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 248. In response to the allegations in the third sentence of Paragraph 248, Federal Defendants aver that a positive long-term prognosis for eastern indigo snake populations is tied to a mosaic of land uses that include agricultural land. Federal Defendants deny the remaining allegations in the third sentence of Paragraph 248.

249.     Federal Defendants admit the allegations in the first sentence of Paragraph 249. Federal Defendants admit the allegations in the second sentence of Paragraph 249 but aver that the relationship with gopher tortoises becomes stronger going from south to north, due to lower temperatures.

250.     The allegations in Paragraph 250, including the associated footnote 2, purport to characterize the referenced study and related maps, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the study and related maps' plain language, meaning, or context.

***Wood stork***

251.     Federal Defendants admit the allegations in Paragraph 251.

252.     The allegations in Paragraph 252, including footnote 3, purport to characterize Fish and Wildlife Service rules related to the wood stork, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the rules' plain language, meaning, or context.

253.     Federal Defendants admit the allegations in Paragraph 253.

254.     Federal Defendants admit the allegations in Paragraph 254.

255.     Federal Defendants admit the allegations in Paragraph 255.

256.     Federal Defendants admit the allegations in the first and third sentences of Paragraph 256. The allegations in the second sentence of Paragraph 256 purport to characterize the referenced studies, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the studies' plain language, meaning, or context.

257.     Federal Defendants admit the allegations in the first and third sentences of Paragraph 257. In response to the allegations in the second sentence of Paragraph 257, Federal Defendants admit that the manipulation of water to lower levels can decrease food production for wood storks and facilitate raccoon predation on nesting wood stork colonies. Federal Defendants deny the remaining allegations in the second sentence.

*Audubon's crested caracara*

258.     Federal Defendants admit the allegations in Paragraph 258.

259.     The allegations in Paragraph 259 purport to characterize a Service rule related to the crested caracara, which rule speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, meaning, or context.

260.     Federal Defendants admit the allegations in Paragraph 260.

261.     Federal Defendants admit the allegations in Paragraph 261.

262.     Federal Defendants admit the allegations in Paragraph 262.

263.     Federal Defendants admit the allegations in Paragraph 263.

## VI. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Corps' Alleged Violations of the Clean Water Act and the Administrative Procedure Act)

264.     Federal Defendants reallege and incorporate by reference all the responses set forth in this Answer, as though fully set forth below.

265.     The allegations in Paragraph 265 are Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 265.

266.     Federal Defendants deny the allegations in Paragraph 266, including all subparagraphs (a) through (g).

267.     Federal Defendants deny the allegations in Paragraph 267, including all subparagraphs (a) through (h).

268.     Federal Defendants deny the allegations in Paragraph 268, including all subparagraphs (a) through (h).

269.    Federal Defendants deny the allegations in Paragraph 269.

270.    Federal Defendants deny the allegations in Paragraph 270.

## SECOND CLAIM FOR RELIEF

### (Corps' Alleged Violations of the National Environmental Policy Act and the Administrative Procedure Act)

271.    Federal Defendants reallege and incorporate by reference all the responses set forth in this Answer, as though fully set forth below.

272.    With respect to the allegations in Paragraph 272, Federal Defendants admit that the Corps issued Clean Water Act Section 404 Department of Army Permit, Number SAJ-1993-01395, and deny all remaining allegations.

273.    Federal Defendants deny the allegations in Paragraph 273.

274.    Federal Defendants deny the allegations in Paragraph 274, including all subparagraphs (a) through (j).

275.    Federal Defendants deny the allegations in Paragraph 275.

276.    Federal Defendants deny the allegations in Paragraph 276.

277.    Federal Defendants deny the allegations in Paragraph 277.

## THIRD CLAIM FOR RELIEF

### (The Service's Alleged Violations of the Endangered Species Act and the Administrative Procedure Act)

278.    Federal Defendants reallege and incorporate by reference all the responses set forth in this Answer, as though fully set forth below.

279.    Federal Defendants deny the allegations in Paragraph 279.

280.    Federal Defendants deny the allegations in Paragraph 280.

281.    Federal Defendants deny the allegations in Paragraph 281, including all subparagraphs (a) through (f).

282.   Federal Defendants deny the allegations in Paragraph 282.

283.   The allegations in Paragraph 283 purport to characterize the 2014 biological opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with biological opinion's plain language, meaning, or context.

284.   Federal Defendants deny the allegations in Paragraph 284.

285.   Federal Defendants deny the allegations in Paragraph 285.

286.   Federal Defendants deny the allegations in Paragraph 286.

287.   Federal Defendants deny the allegations in Paragraph 287.

## FOURTH CLAIM FOR RELIEF

### (The Service's Alleged Violation of the Endangered Species Act)

288.   Federal Defendants reallege and incorporate by reference all the responses set forth in this Answer, as though fully set forth below.

289.   Federal Defendants deny the allegations in Paragraph 289.

## FIFTH CLAIM FOR RELIEF

### (The Corps' Alleged Violation of the Endangered Species Act)

290.   Federal Defendants reallege and incorporate by reference all the responses set forth in this Answer, as though fully set forth below.

291.   Federal Defendants deny the allegations in Paragraph 291.

292.   Federal Defendants deny the allegations in Paragraph 292.

293.   Federal Defendants deny the allegations in Paragraph 293.

294.   Federal Defendants deny the allegations in Paragraph 294.

295.   Federal Defendants deny the allegations in Paragraph 295.

296.   Federal Defendants deny the allegations in Paragraph 296.

## VII. PRAYER FOR RELIEF

Federal Defendants deny the allegations in Plaintiffs' "Prayer for Relief," including all subparagraphs (1) through (9). Federal Defendants further deny that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding paragraphs, the Federal Defendants hereby deny such allegations.

## DEFENSES

1.      Plaintiffs fail to state a claim upon which relief may be granted.

2.      Federal Defendants' actions were not arbitrary, capricious, or contrary to law.

3.      Plaintiffs are barred from raising issues that they did not raise in comments during the administrative process.

4.      Plaintiffs' claims should be dismissed to the extent they are based on an erroneous factual premise.

5.      The actions challenged by Plaintiffs did not violate the Endangered Species Act, the Clean Water Act, the National Environmental Policy Act, the Administrative Procedure Act, or any other applicable law, regulation, or rule.

6.      The Court lacks subject-matter jurisdiction over some or all of Plaintiffs' claims.

7.      The Complaint does not describe the claims with sufficient particularity to allow Federal Defendants to ascertain what other defenses may exist at this time, and therefore Federal Defendants reserve the right to assert all defenses which may pertain to the Complaint once it ascertains the precise nature of the claims in the future.

WHEREFORE, Federal Defendants ask that the Complaint be dismissed with prejudice that each of Plaintiffs' requests for relief be denied in their entirety, and that Federal Defendants be awarded any additional relief the Court deems just and proper.

Dated:  June 20, 2017                    Respectfully submitted,

                                          W. STEPHEN MULDROW
                                          Acting United States Attorney

                                          JEFFREY H. WOOD
                                          Acting Assistant Attorney General
                                          Environment & Natural Resources Division

                                          /s/   Mark Arthur Brown
                                          MARK ARTHUR BROWN (FL Bar No. 0999504)
                                          Senior Trial Attorney
                                          Wildlife & Marine Resources Section
                                          U.S. Department of Justice
                                          Environment and Natural Resources Division
                                          P.O. Box 7611
                                          Washington, D.C.  20044-7611
                                          mark.brown@usdoj.gov
                                          Telephone: (202) 305-0204 | (202) 305-0432
                                          Facsimile: (202) 305-0275

                                          PAUL CIRINO
                                          Trial Attorney
                                          Environmental Defense Section
                                          U.S. Department of Justice
                                          Environment and Natural Resources Division
                                          P.O. Box 7611
                                          Washington, D.C. 20044-7611
                                          paul.cirino@usdoj.gov
                                          Telephone: (202) 514-1542
                                          Facsimile: (202) 514-8865

                                          PETER KRYN DYKEMA
                                          Senior Trial Attorney
                                          Natural Resources Section
                                          U.S. Department of Justice
                                          Environment and Natural Resources Division
                                          P.O. Box 7611
                                          Washington, DC 20044-7611
                                          peter.dykema@usdoj.gov

Telephone: (202) 305-0436
Facsimile: (202) 305-0506

*Counsel for Federal Defendants*

Of Counsel:

Michael Stevens
Attorney-Adviser
Office of the Regional Solicitor
Southeast Region
75 Ted Turner Drive SW, Suite 304
Atlanta, Georgia  30303
Telephone: (404) 331-5617
Facsimile: (404) 730-2682
mike.stevens@sol.doi.gov

Rachel D. Gray
Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida  32207
Telephone: (904) 232-3713
Facsimile: (904) 232-1954
rachel.d.gray@usace.army.mil

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Counsel of record currently identified on the Mailing Information list to receive e mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.

/s/ Paul Cirino
PAUL CIRINO
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
paul.cirino@usdoj.gov
Telephone: (202) 514-1542
Facsimile: (202) 514-8865